UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAURICE D. HARRIS,<br>    Plaintiff, | : :  : | CASE NO. 3:24-cv-151 (MPS) |
| v. | : : | |
| JOHN DOE, BADGE #469,<br>    Defendant. | : : : | MARCH 29, 2024 |

**INITIAL REVIEW ORDER**

Plaintiff Maurice D. Harris, a pretrial detainee incarcerated at New Haven Correctional Center, filed this case under 42 U.S.C. § 1983 naming one defendant, New Haven Police Officer John Doe, Badge #469. The plaintiff alleges that the defendant falsely arrested and detained him. The plaintiff seeks damages from the defendant in his individual capacity.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial

review, the Court orders as follows.

I.     **Allegations**

While the Court does not set forth all of the facts alleged in the plaintiff's Complaint (ECF No. 1) and Addendum[1] (ECF No. 12), it summarizes his basic factual allegations here to give context to this ruling.

On September 25, 2023, the plaintiff got into a disagreement with library worker Jane Doe at the New Haven Library. ECF No. 12 ¶ 1. Jane Doe assaulted the plaintiff with "her walkie talkie." *Id*. ¶ 2. The plaintiff did not defend himself, instead calling 9-1-1 for assistance. *Id*.

The defendant and his partner responded to the call and the plaintiff told them what had happened. *Id*. ¶ 3. The defendant viewed the library video and showed the plaintiff a copy of the footage on his phone. *Id*. ¶ 4. The footage clearly showed Jane Doe hitting the plaintiff. *Id*. Regardless, the defendant arrested and detained the plaintiff, charging him with breach of peace and assault in the third degree. *Id*. ¶ 5. Jane Doe was not arrested or charged. *Id*. ¶ 9.

The plaintiff told the defendant that he had violated the plaintiff's constitutional rights, but the defendant only responded, "well, that's more money in your pocket." *Id*. ¶ 7. As a result of the arrest, the plaintiff was charged with violation of probation. *Id*. ¶ 10.

The plaintiff filed a complaint with the New Haven Police Department Office of Internal Affairs which remains under investigation. ECF No. 1 at 7.

---

[1] Plaintiff filed an Addendum to his Complaint which is a copy of the handwritten pages appended to the Complaint. The only change is a correction to the date the incident occurred.

## II. Discussion

The plaintiff asserts two claims. First, he contends that the defendant violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United State Constitution, Article first, sections 7, 8, and 9 of the Connecticut Constitution, and committed the tort of false arrest by detaining and arresting him without probable cause after viewing the video footage. Second, the plaintiff asserts state torts for intentional infliction of emotional distress, defamation, and slander based on the defendant's "arrogant" response to the plaintiff.

The plaintiff's federal claims are for violations of the Fourth, Fifth, and Fourteenth Amendments. The primary claim is the Fourth Amendment claim for false arrest. The Fifth Amendment claim is based on the plaintiff's allegation that he was not advised of his rights when he was arrested. The plaintiff does not specify any Fourteenth Amendment claim.

### A. Fourth Amendment

"To state a valid claim for false arrest ... under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012) (summary order); *see also Henderson v. Williams*, 2013 WL 2149698, at *3 (D. Conn. May 16, 2013).  The addition of the requirement that the plaintiff show an unreasonable deprivation of liberty is necessary to bring the claim under section 1983 as "the basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (internal quotation marks, citation, and emphasis omitted).

Under Connecticut law, a plaintiff seeking to bring a false arrest claim must allege that

3

"(1) the defendant arrested plaintiff or had plaintiff arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent for the arrest; and (4) the arrest was not supported by probable cause." *Chase v. Nodine's Smokehouse, Inc.*, 360 F. Supp. 3d 98, 112 (D. Conn. 2019) (citations omitted).  In addition, the Second Circuit has held that a plaintiff bringing a false arrest claim under Connecticut law must have had the underlying charges terminated in his or her favor.  *See Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (summary order) (noting that in *Roesch v. Otarola*, 980 F.2d 850, 853-54 (2d Cir. 1992), "this Court expressly held, invoking Connecticut law, that favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest.").

Recent state superior court decisions question the inclusion of favorable termination as an element of a false arrest claim.  *See, e.g., Burton v. Mason*, No. 06-UWY-CV-21-5028294-S, 2022 WL 433695, at *7 (Conn. Super. Ct. Jan. 21, 2022) ("[F]avorable termination of a criminal action on the plaintiff's behalf has not been established as a required element for a claim of false arrest in Connecticut courts." (citation and internal quotation marks omitted)).  However, in the absence of Connecticut appellate precedent addressing this issue, the Court is required to follow Second Circuit precedent and conclude, for purposes of a constitutional claim for false arrest arising in Connecticut, that favorable termination of a prosecution is a required element of a claim for false arrest.

The plaintiff does not allege that the charges for which Officer Doe arrested him terminated in his favor. The plaintiff alleges that he was arrested on September 25, 2023. The Connecticut Judicial Branch website list a case, *State v. Harris*, No. N23N-CR23-0249858-S, where the plaintiff was arrested on September 25, 2023 and charged with assault in the third

degree and breach of peace. This appears to be the criminal case underlying this action. The website indicates that the plaintiff pled guilty to assault in the third degree. *See* www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=10a051fa-d38d-4c40-a887-8e40c00b8de (last visited Mar. 28, 2024). As the criminal case has not terminated in the plaintiff's favor, he cannot state a plausible false arrest claim.

  B. Fifth Amendment

The Fifth Amendment protects against compulsory self-incrimination by forbidding the introduction of coerced statements into evidence at trial. *Miranda*[2] warnings, however, are not constitutionally required. They were developed as a means to protect the Fifth Amendment right against compulsory self-incrimination. The failure to read the plaintiff his rights before questioning did not violate the plaintiff's constitutional rights and does not support a section 1983 claim. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (explaining that the Fifth Amendment only forbids introduction of coerced statements at trial, so failure to provide *Miranda* warning does not violate suspect's constitutional rights and "cannot be grounds for a § 1983 action"). Thus, the plaintiff fails to allege facts stating a plausible Fifth Amendment claim.

  C. Fourteenth Amendment

The plaintiff states that he brings this case for violation of his rights under the Fourteenth Amendment but alleges no facts supporting a Fourteenth Amendment claim. The mere mention of a constitutional provision is not sufficient to state a claim for relief under that provision. *See*

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

*Calhoun v. Quiros*, No. 3:23-CV-00715(SVN), 2023 WL 8618745, at *4 (D. Conn. Dec. 13, 2023) (citing *Monger v. Conn. Dep't of Transp.*, No. 3:17-CV0205(JCH), 2017 WL 3996393, at *5 (D. Conn. Sept. 11, 2017)). The Court does not construe the complaint as stating claims under the Fourteenth Amendment.

    D.  <u>Jane Doe</u>

In his prayer for relief, the plaintiff seeks damages from library worker Jane Doe. He has not, however, named her as a defendant in the case caption or in the body of the complaint. Federal Rule of Civil Procedure 10(a) requires that the names of all parties be included in the case caption. As the plaintiff did not comply with this requirement, Jane Doe is not a defendant in this case.

Further, the plaintiff does not name Jane Doe in his legal claims and fails to allege facts suggesting that Jane Doe violated his constitutional rights. He alleges only that they had a disagreement and she hit him with her walkie-talkie. This allegation constitutes, at most, a state law claim for assault and battery which is considered in the following section.

    E.  <u>State Law Claims</u>

The plaintiff's remaining claims are state law constitutional and tort claims. However, all federal claims have been dismissed. The district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (noting that "[t]he fact that the district court has the power to hear these supplemental claims does not mean, of course, that it must do so. Instead, it may decline to exercise its power based on the factors laid out in 28 U.S.C. § 1367(c)."). Accordingly,

the Court declines to exercise supplemental jurisdiction over the plaintiff's state constitutional and tort claims. The plaintiff may pursue these claims in state court.

### III.  Conclusion

All federal law claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

The Clerk is directed to close this case.

**SO ORDERED** this 29th day of March 2024 at Hartford, Connecticut.

/s
Michael P. Shea
United States District Judge